IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY PRISCO, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 10 - 3141 |
| METHODIST HOSPITAL and THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC., | : | |
| Defendants. | : | |

**DuBOIS, J.**                                                                                          **April 1, 2011**

**M E M O R A N D U M**

I.      INTRODUCTION

This is an employment discrimination case in which the plaintiff, Anthony Prisco, alleges that his former employer discriminated against him based on age and disability. The Complaint alleges claims under the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), the Family and Medical Leave Act ("FMLA"), and the Pennsylvania Human Relations Act ("PHRA"). Plaintiff filed an Amended Complaint on October 1, 2010, adding a claim that he had exhausted his administrative remedies under the PHRA and facts related to his ADEA claim. (First Am. Compl. ¶¶ 14, 45-47.)

Defendants, Methodist Hospital and Thomas Jefferson University Hospitals, Inc., have moved to dismiss Counts IV and V of the Amended Complaint, which allege violations under the ADEA and the PHRA, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set

forth below, the Court denies defendants' motion to dismiss as to Count V, and grants defendants' motion to dismiss as to Count IV without prejudice to plaintiff's right to file a second amended complaint within twenty days if warranted by the facts.

## II. BACKGROUND

Prisco, who is 62, began working as a member of the cleaning staff for defendant Methodist Hospital in October 2006. (First Am. Compl. ¶¶ 16-18.) Due to chronic back problems, Prisco took periodic time off from work during his employment. (Id. ¶¶ 19-22.) Defendants disciplined Prisco for missing work on at least two occasions, in May and August 2009, and Prisco contends he was subjected to significant animosity due to his absences. (Id. ¶¶ 23-25, 27.) In mid-August 2009, Methodist Hospital terminated Prisco, allegedly because he had to miss additional time from work. (Id. ¶ 26.)

On September 16, 2009, Prisco filed a Notice of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), requesting that EEOC file the complaint concurrently with the Pennsylvania Human Relations Commission ("PHRC"). (Defs.' Mot. to Dismiss in Part the First Am. Compl. Ex. A at 2.) PHRC entered Prisco's complaint administratively on September 21, 2009. (Id. Ex. A at 3.) On March 17, 2010, Prisco asked the EEOC for a Right to Sue letter, which the EEOC issued on April 1, 2010. (Id. Ex. A at 4-5.) Prisco initiated this suit in federal court on June 29, 2010.

On July 8, 2010, the PHRC contacted Prisco to determine if he had filed suit, and requested that he contact them within 30 days to establish whether his case was ongoing or if the state should close it. (Id. Ex. B at 2.) It appears Prisco never responded to the PHRC's request. (Id. at 5.) On August 20, 2010, the PHRC notified Prisco that his case had been "closed

administratively." (Id. Ex. B at 3.)

Prisco filed an Amended Complaint on October 1, 2010. Defendants filed the pending motion to dismiss plaintiff's Amended Complaint, in part, on October 15, 2010.

## III. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion. In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the Court "accept[s] all factual allegations as true, [and] construe[s] the complaint in the light most favorable to the plaintiff . . . ." Phillips v. County of Allegheny, 515 F.3d 224, 231, 233 (3d Cir. 2008) (internal quotations omitted).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . .'" Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). To satisfy the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than "a sheer possibility." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

In Twombly, the Supreme Court utilized a "two-pronged approach," which it later formalized in Iqbal. Iqbal, 129 S. Ct. at 1950; Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Under this approach, a district court first identifies those factual allegations

that constitute nothing more than "legal conclusions" or "naked assertions." Twombly, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded. Iqbal, 129 S. Ct. at 1950. The court then assesses "the 'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s] . . . to determine" whether it states a plausible claim for relief. Id.

**IV.    ANALYSIS**

Defendants move to dismiss Counts IV and V, arguing that neither states a claim upon which relief can be granted. The Court will address each claim in turn.

    A.    Plaintiff's Claims Under the ADEA

Defendants argue that Count IV, which asserts a claim under the ADEA, is barred by the Supreme Court's recent decision in Gross v. FBL Financial Servs., __ U.S. __, 129 S. Ct. 2343 (2009), and should be dismissed for failure to state a claim upon which relief can be granted. For the reasons that follow, the Court agrees that Prisco has failed to plead a prima facie case of discrimination under the ADEA, but dismisses Count IV without prejudice to plaintiff's right to file a second amended complaint if warranted by the facts because the decision in Gross is inapplicable to the pleading stage.

        1.    *Plaintiff has Failed to Establish a Prima Facie Case of Discrimination Under the ADEA*

Prisco contends that his termination was discriminatory in violation of the ADEA. (Pl.'s Resp. in Opp. to Defs.' Mot. to Dismiss in Part His First Am. Compl. at 15.) To plead discriminatory termination under the ADEA, a plaintiff must allege that (1) he is over forty years of age; (2) he is qualified for the position in question; (3) he suffered from an adverse

employment decision; and (4) his replacement was sufficiently younger to permit a reasonable inference of age discrimination. Hill v. Borough of Kutztown, 455 F.3d 225, 247 (3d Cir. 2006). In order to satisfy the fourth element, Prisco must plead facts showing that defendants replaced him with someone younger. Pina v. Henckel Corp., No. 07-4048, 2008 WL 819901, at *4 (E.D. Pa. Mar. 26, 2008); see also Grove v. Admiral Peary Area Vocational-Technical Sch., 221 F. App'x 101, 104 (3d Cir. 2007) (finding plaintiff failed to prove fourth element of prima facie case of discriminatory termination when employer never filled the position from which plaintiff was terminated).

The only adverse employment action Prisco has alleged is termination, but Prisco has not made any allegations relating to a younger replacement. Instead, Prisco asserts only that he was "subjected to unfavorable treatment from his supervisors in comparison with younger co-workers in his same position, including but not limited to: (i) preferences in scheduling; and (ii) the assignment of tasks and responsibilities." (First. Am. Compl. ¶ 46.) Since Prisco has not presented any facts concerning a younger replacement, he has failed to plead a prima facie case of discriminatory termination under the ADEA.

2.  *Gross Does Not Apply at the Pleading Stage*

Defendants also argue that the Supreme Court's decision in Gross bars Prisco from asserting discrimination based on both age and disability in the same action. In Gross, the Supreme Court interpreted ADEA language requiring that adverse employment decisions be "because of [an] individual's age." Gross, 129 S. Ct. at 2350 (citing 20 U.S.C. 623(a)(1)). Plaintiffs can no longer establish discrimination under the ADEA by "showing that age was simply a motivating factor," but rather must show that "age was the 'but-for' cause of the

employer's adverse action." Id. at 2349, 2351. Defendants contend that this ruling precludes Prisco from asserting multiple discrimination claims in the same action, since such inconsistent theories undermine the existence of but-for causation.

Defendants argument is rejected. First, the holding in Gross concerned only the trial phase of discrimination proceedings, and has been held inapplicable to motions to dismiss. See Chacko v. Worldwide Flight Servs., No. 08-CV-2363, 2010 WL 424025, at *4 (E.D.N.Y. Feb. 3, 2010). While some courts facing this issue on summary judgment have precluded plaintiffs from pursuing alternate theories, all of the cases addressing the issue at the pleading phase have concluded that Gross should not affect Federal Rules of Civil Procedure 8(d)(2) and (3), which allow pleading of alternative and inconsistent claims. E.g. Babych v. Psychiatric Solutions, Inc., No. 09-C-8000, 2010 WL 3547981, at *2 (N.D. Ill. Sept. 7, 2010). Thus, the Gross decision does not bar plaintiff from claiming multiple types of discrimination at this stage.

Since Prisco has failed to establish a prima facie case of discrimination under the ADEA, the Court dismisses Count IV of the Complaint. However, because the defect can possibly be cured and Gross does not apply at this stage of the proceedings, the Court dismisses Count IV without prejudice to plaintiff's right to file a second amended complaint within twenty days of this order if warranted by the facts.

B.   Plaintiff's Claims Under the PHRA

Defendants also argue that Prisco's PHRA claim should be dismissed since he failed to comply with Pennsylvania's administrative exhaustion requirements. The PHRA requires that the PHRC be given one year to investigate a pending discrimination claim before a plaintiff may file a discrimination suit in court, unless the matter is resolved through a conciliation agreement

or is dismissed by the PHRC. 43 Pa. Cons. Stat. § 962(c)(1) (2009). Federal law, in contrast, imposes a shorter waiting period, allowing plaintiffs to bring suit 180 days after filing a complaint with the EEOC. 42 U.S.C. § 2000e-5(f)(1).

Here, Prisco dual-filed with the EEOC and PHRC on September 16, 2009. (Defs.' Mot. to Dismiss in Part the First Am. Compl. Ex. A at 2.) After the federal 180-day period had expired, upon Prisco's request, the EEOC closed the case and issued a Right to Sue Letter. (Id. Ex. A at 4-5.) Prisco filed his initial complaint in federal court on June 19, 2010, three months before PHRC's one-year jurisdiction would have ended. On August 20, 2010, the PHRC notified Prisco it had closed his case administratively because of his pending federal lawsuit. (Id. Ex. B at 3.) Prisco filed the First Amended Complaint on October 10, 2010, after PHRC's one-year jurisdiction had ended.

Defendants contend that plaintiff failed to comply with PHRA exhaustion requirements because he filed his complaint before PHRC's jurisdiction expired. However, Prisco filed an amended complaint on October 10, 2010, well after PHRC's one year of jurisdiction had ended. To the extent Prisco failed to exhaust his administrative remedies at the time of his initial filing, they were exhausted by the time he filed his amended complaint. See, e.g., Pergine v. Penmark Mgmt. Co., 314 F. Supp. 2d 486, 490 (E.D. Pa. 2004) (permitting claim to proceed where plaintiff had filed an amended complaint after one-year period had elapsed); McGovern v. Jack D's, Inc., No. 03-5547, 2004 WL 228667, at *8 (E.D. Pa. Feb. 3, 2005) (granting plaintiff leave to amend complaint since one year had passed since initial filing with PHRC). Because more than one year has elapsed between plaintiff's initial filing with the PHRC and the filing of the Amended Complaint, Prisco has fulfilled the exhaustion requirements under the PHRA, and the

Court denies defendants' motion to dismiss Count V.

**V.     CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is denied as to Count V and granted as to Count IV.  Count IV is dismissed without prejudice to plaintiff's right to file a second amended complaint within twenty days if warranted by the facts.  An appropriate order follows.